SMITH *v.* MARKILLIE.

1. WORKMEN'S COMPENSATION—SETTING ASIDE AGREEMENT SUSPENDING PAYMENTS—ADEQUATE REMEDY AT LAW—FURTHER COMPENSATION.

Bill to set aside agreement suspending payments of compensation under the workmen's compensation act on ground it was entered into under a mutual mistake of fact was properly dismissed since plaintiff has an adequate remedy at law, if disabled, by petition for further compensation without the necessity of setting aside the agreement.

2. SAME—AGREEMENT SUSPENDING PAYMENTS—FURTHER COMPENSATION.

An agreement merely suspending payment of workmen's compensation would be no bar to recovery on petition before department of labor and industry for further compensation.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted April 2, 1940. (Docket No. 17, Calendar No. 40,590.) Decided June 19, 1940.

Bill by Hiram A. Smith against W. J. Markillie, doing business as W. J. Markillie Coal & Feed Company, and Lumbermen's Mutual Casualty Company to set aside an agreement suspending compensation for an accidental injury sustained while in defendant's employ. Bill dismissed. Plaintiff appeals. Affirmed.

*Clarence E. Butler,* for plaintiff.

*Sessions & Warner,* for defendants.

CHANDLER, J. Plaintiff sustained an accidental injury on October 17, 1934, and was paid compensation therefor to January 16, 1935, at which time an

agreement was executed suspending further payments.

On March 16, 1936, he filed a petition for further compensation, which was denied by the department of labor and industry on the ground that he had failed to show a change in his physical condition that had lessened his wage-earning capacity since the approval of the agreement suspending payments. Application for leave to appeal in the nature of certiorari was denied by this court on September 9, 1936.

On July 26, 1938, plaintiff filed the bill of complaint herein, praying that the agreement suspending compensation be set aside on the ground that a mutual mistake of fact existed at the time of the execution thereof, and for an accounting relative to the amount of compensation due. This appeal is from the decree of the trial court dismissing the bill.

The bill alleges that plaintiff has been totally disabled since the date of the accident, and that the agreement suspending compensation was entered into under a mistaken belief that he would eventually recover from the effects of the accident, although a recovery had not occurred at the time the agreement was signed. The bill further alleges that the agreement was executed under the mistaken belief that if he did not recover, he would be entitled to further compensation.

We find, as did the trial court, that it is unnecessary to pass upon plaintiff's claims as alleged in the bill of complaint or the proof in support thereof. He has a remedy at law, if disabled, to procure further compensation without the necessity of setting aside the agreement suspending payments.

Review by certiorari of the award denying further compensation was refused by this court prior to the decision of *DeTroyer* v. *Ernst Kern Co.*, 282 Mich.

689, wherein an agreement containing identical provisions as that in the instant case was involved, and wherein we held that upon execution of such an agreement at a time when disability still existed, it was not thereafter necessary for the employee to show a change in physical condition to entitle him to further payments.

Plaintiff claims he was induced to sign the agreement because of the representations of his physician. Defendants claim that he signed to avoid hospitalization. This dispute is of no importance. If he is disabled, he can petition the department of labor and industry for further compensation. The agreement in question would be no bar to his recovery.

The decree is affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred with CHANDLER, J. WIEST, J., concurred in the result.